FILED
June 18, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002717874

5
Susan M Didriksen, Chapter 7 Trustee
PO Box 1460
Shingle Springs, CA 95682
Tel: (530)232-6119
E-mail: didriksen1@gmail.com

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>**LEERAY DELL BAKER** and<br>**PATTI LEE BAKER,**<br><br>Debtors. | Case No. 10-28365-C-7<br>DCN: SMD - 1<br><br>DATE: July 20, 2010<br>TIME: 9:30 A.M.<br>DEPT: C<br>COURTROOM: 35 (6th Floor) |

## TRUSTEE'S MOTION TO SELL BUSINESS PROPERTY OF THE ESTATE

TO: THE HONORABLE CHRISTOPHER M. KLEIN, JUDGE, U. S. BANKRUPTCY COURT; THE OFFICE OF THE U. S. TRUSTEE; THE ABOVE-CAPTIONED DEBTORS; AND, THE DEBTORS' ATTORNEY.

The undersigned, Susan M. Didriksen, the court appointed Chapter 7 Trustee (the "Trustee") in the above-captioned Bankruptcy estate of LeeRay Dell Baker and Patti Lee Baker, (the "Debtors"), hereby requests that this Court approve the sale of the Bankruptcy's Estate's interest in the following assets ("Business Assets"):

| | |
|---|---|
| Tanning Beds: | 2004 S-Class, |
| | 2000 Sunboard, |
| | 2004 Matrix V28, |
| | TA Standup, |
| | 4 Santorini 160/100, |
| | 4 Santorini 100/100, |
| | Blue Box Mystic, |
| | Beyond Teeth, |
| | Thermojet IR Body Wrap |

Page 1

Modular Walls,

Two Computers

Cabinets and Counters,

Lotions, Towels and Eyewear

In support of this motion, the undersigned Trustee respectfully represents the following:

1. The Debtors filed a voluntary Chapter 7 Bankruptcy Petition on or about March 31, 2010, and an Order for Relief was entered thereon.

2. Susan M. Didriksen was appointed as the Interim Chapter 7 Trustee on or about March 31, 2010, and continues to serve in that capacity.

3. The Court has jurisdiction over the current motion under 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (N) and (O).

4. The Debtors filed Schedule B on or about March 31, 2010, and disclosed business assets described as follows:

| Description | Value |
|---|---|
| Tanning Beds: | $13,000 |
|     2004 S-Class, | |
|     2000 Sunboard, | |
|     2004 Matrix V28, | |
|     TA Standup, | |
|     4 Santorini 160/100, | |
|     4 Santorini 100/100, | |
|     Blue Box Mystic, | |
|     Beyond Teeth, | |
|     Thermojet IR Body Wrap | |
| Modular Walls | $ 500 |
| Two Computers | $ 100 |
| Cabinets and Counters, | $ 25 |
| Lotions, Towels and Eyewear | $ 300 |
| TOTAL: | $13,925 |

3. Upon further research, the market value of each tanning bed asset was determined to be:

| Description | | Value |
|---|---|---|
| Tanning Beds: | 2004 S-Class, | $3,510 |
| | 2000 Sunboard, | $1,400 |
| | 2004 Matrix V28, | $3,850 |
| | TA Standup, | $ 875 |
| | 4 Santorini 160/100, | $ 0 |
| | 4 Santorini 100/100, | $ 0 |
| | Blue Box Mystic, | $ 875 |
| | Beyond Teeth, | $ 175 |
| | Thermojet IR Body Wrap | $1,050 |
| Modular Walls | | $ 500 |
| Two Computers | | $ 100 |
| Cabinets and Counters, | | $ 25 |
| Lotions, Towels and Eyewear | | $ 300 |
| TOTAL: | | $12,660 |

4. The Debtors' Schedule "C" filed on or about March 31, 2010, claimed monetary exemptions pertaining to the Business Assets in the amount of $585.00 pursuant to C.C.P. §703.140(b)(5) and $2,075.00 pursuant to C.C.P. §703.140(b)(6).

5. The Debtors' Schedule D filed on March 31, 2010, disclosed no indebtedness nor obligations secured by the Business Assets.

6. The Debtors, through their attorney, Mr. Justin Kuney, has presented an offer in the amount of $10,000.00 to purchase the aforementioned Business Assets in an "as-is" condition from the Bankruptcy Estate as follows:

```
        $12,660.00  Debtors' Offer to Purchase the Subject Business Property
Less:       585.00  Credit for Debtors' §703.140(b)(5) remaining exemption
          2,075.00  Credit for Debtors' §703.140(b)(6) exemption
        $10,000.00  Net Purchase Amount to be tendered by the Debtors
```

7. The payment will be made in monthly installments in the form of Cashier's Check to the undersigned Trustee for the purchase of the Business Assets according to the following schedule:

| | |
|---|---|
| June 30, 2010 | $1,000 |
| July 30, 2010 | $1,000 |
| August 30, 2010 | $1,000 |
| September 30, 2010 | $1,000 |
| October 30, 2010 | $1,000 |
| November 30, 2010 | $6,000 |

8. The undersigned Trustee believes that the immediate liquidation of the Subject Business Property is in the best interest of the Bankruptcy Estate. This proposed sale would also alleviate the typical costs incurred with the sale of business equipment and any sales commission attendant to a sale. Therefore, the trustee requests the approval from this Court to sell the aforementioned Business Assets to the Debtors for the amount of $12,660, less credits in the amounts of $585.00 representing the Debtor's claimed remaining C.C.P. §703.140(b)(5) exemption and $2,075.00 representing the Debtor's claimed C.C.P. §703.140(b)(6) exemption, subject to overbidding.

9. The Trustee further requests that overbids, if any, be submitted in minimum increments of $1,000.00 from qualified bidders who must contact the Trustee at least twenty-four hours prior to this hearing. Any successful over bidder must remit the full amount of the cash selling price to the Trustee within twenty-four hours after the Court hearing is concluded.

10. In the event that the Business Assets are sold to a third party pursuant to an overbid tendered at the Court hearing, the undersigned Trustee requests authority to pay their monetary exemption in the amounts of $585.00 representing the Debtor's claimed remaining C.C.P. §703.140(b)(5) exemption and $2,075.00 representing the Debtor's claimed C.C.P. §703.140(b)(6) exemption.

WHEREFORE, the undersigned Trustee respectfully requests that this Court: A.) Approve the sale of the aforementioned Business Assets to the Debtor in the manner stated herein, B.) Provide authority for the Trustee to execute all documents necessary to complete the contemplated sale; C.) Provide authority for the Trustee to either pay or credit the exempted amounts of $585.00 and

$2,075.00 directly to the Debtor from the sale of proceeds of the subject Motor Vehicle if sold to a third party; and, D.) Provide for such other relief as the Court deems appropriate.

Respectfully submitted,

Dated:  June 18, 2010          /s/ Susan M. Didriksen
                               Susan M. Didriksen, Chapter 7 Trustee